■ Kay Lindenthaler, Respondent, v Dairy Concepts Inc., Appellant, and Electro Freeze Distributors, a Division of H.C. Duke & Son, Inc., Respondent. (And a Third-Party Action.) [738 NYS2d 130] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered March 13, 2001 in Chenango County, which, inter alia, denied a motion by defendant Dairy

Concepts, Inc. for summary judgment dismissing the complaint against it.

Plaintiff, the owner of an ice cream shop, purchased a soft-serve ice cream machine from a distributor, defendant Dairy Concepts, Inc. (hereinafter defendant). Finding the ice cream produced to be objectionable despite the machine's replacement and repeated repairs, plaintiff commenced this action alleging breach of contract, breach of express and implied warranties, and negligence. When defendant moved for summary judgment dismissing the complaint against it, Supreme Court found issues of fact and denied the motion. Defendant now appeals.

We agree that Supreme Court erred in denying defendant's motion because defendant met its burden of demonstrating that the machine was not defective through the affidavits of three mechanics who examined the machine and found no defect. Implicitly conceding a lack of proof that the machine was defective, plaintiff responded that defendant still would be liable for breach of the sales contract and breach of warranty because the quality of the ice cream produced by the machine was unacceptable. Since plaintiff failed to submit any evidence that the machine was defective in design, manufacture, or as a result of negligent repairs, Supreme Court should have granted summary judgment dismissing plaintiff's causes of action to the extent they are premised on machine defects or negligent repair.

Supreme Court was correct, however, in perceiving an issue of fact sufficient to defeat defendant's motion as to plaintiff's causes of action for breach of contract and warranty. Specifically, plaintiff asserted that the ice cream produced by the machine after a few hours of operation was unpleasant in taste, texture and firmness. The affidavit describing plaintiff's personal knowledge is sufficient to raise an issue of fact as to whether the machine produced unpalatable and unsaleable ice cream, thereby breaching defendant's express and implied promises as to the quality of its product (see, First Interstate Credit Alliance v Sokol, 179 AD2d 583). In this regard, we note that a vendor may be found in breach of the implied warranties of merchantability and fitness for a particular purpose where the product produced by the vendor's machine is of unacceptable quality (see, Pipe Welding Supply Co. v Gas Atmospheres, 201 F Supp 191, 197-198). Also, defendant's reliance on the manufacturer's written limited warranty and disclaimers contained in the record is misplaced, for the sales contract between plaintiff and defendant neither made such disclaimers nor referred to those made by the manufacturer.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Dairy Concepts, Inc. for summary judgment dismissing causes of action premised upon defects in the ice cream machine and said defendant's negligence in making repairs; motion granted to that extent, partial summary judgment awarded to said defendant and said causes of action dismissed against it; and, as so modified, affirmed.