■ JOSEPH M. LAPORTA, Individually and as Administrator of the Estate of LILLIAN LAPORTA, Deceased, Respondent, v WILMORITE, INC., et al., Appellants, et al., Defendants. [748 NYS2d 83] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered March 15, 2001, which, inter alia, granted plaintiff's motion for partial summary judgment on liability against defendants Genesee Management, Inc. and Greece Towne Mall, L.P., and granted plaintiff's motion for leave to amend the second amended complaint to include a claim for punitive damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action individually and as administrator of the estate of Lillian LaPorta (decedent) seeking damages for injuries that decedent sustained when she slipped and fell at the Mall at Greece Ridge Center (Mall). Supreme Court properly granted that part of plaintiff's motion for partial summary judgment on liability against Genesee Management, Inc. and Greece Towne Mall, L.P. (defendants). Contrary to defendants' contention, plaintiff established that defendants "had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition" (*Padula v Big V Supermarkets*, 173 AD2d 1094, 1096; *see generally Loguidice v Fiorito*, 254 AD2d 714; *Migli v Davenport*, 249 AD2d 932, 933; *Megally v 440 W. 34th St. Co.*, 246 AD2d 346, 347). Plaintiff testified at his deposition that decedent slipped on accumulated water in what the parties described as the "center center court" area of the Mall (center court area) and that it had rained heavily on the morning of decedent's fall. Plaintiff submitted the deposition testimony of defendants' employees,

who testified that the center court area leaked whenever it rained, causing water to accumulate on the floor, and that the water on which decedent slipped came from a leak in the roof. In opposition to the motion, defendants failed to raise a triable issue of fact whether they had actual or constructive notice of the recurrent dangerous condition or whether they exercised reasonable care to remedy that condition (*see generally Megally*, 246 AD2d at 347). Although defendants submitted deposition testimony establishing that their maintenance employees knew which areas of the Mall roof leaked and would place planters and warning cones under those areas when it rained, defendants failed to establish that any planters or warning cones were near the center court area prior to decedent's fall.

Contrary to defendants' further contention, the court did not abuse its discretion in granting that part of plaintiff's motion for leave to amend the second amended complaint to add a claim for punitive damages. Absent prejudice to the nonmoving party or a showing that the amendment plainly lacks merit, leave to amend should be freely granted (*see* CPLR 3025 [b]; *Silvin v Karwoski*, 242 AD2d 945; *Rahn v Carkner*, 241 AD2d 585). Here, defendants made no showing that they would be prejudiced by the amendment and plaintiff established that the claim for punitive damages is not plainly lacking in merit (*see Rinker v Oberoi*, 275 AD2d 1000, 1000-1001; *Silvin*, 242 AD2d at 945; *Rahn*, 241 AD2d at 586). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.