■ JUANITA CARMONA et al., Respondents, v KEVIN ROSS MATHISSON, M.D., et al., Respondents, and ALCON LABORATORIES INC. et al., Appellants, et al., Defendants. [865 NYS2d 35]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 21, 2008, which, to the extent appealed from, denied so much of the Alcon defendants' motion for summary judgment as sought dismissal of plaintiffs' causes of action for strict liability, negligent design and manufacture, and loss of consortium, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against these defendants.

This action seeks damages for injuries allegedly sustained by plaintiff Juanita Carmona during cataract surgery. The surgery was performed by defendant Mathisson at defendant Montefiore Medical Center, using an Alcon Series 20000 Legacy phacoemulsification machine manufactured by defendant Alcon.

On Alcon's motion for summary judgment, the court granted dismissal only as to causes of action for negligence for failure to warn and for breach of warranty. With respect to the claims alleging strict products liability and negligence based on manufacturing and design defects, Alcon submitted the affidavit of an engineer with expertise in the manufacture and design of the Alcon STTL and phacoemulsification devices and technology in general. This expert opined that the product was not defectively designed or manufactured, and that a product defect did not cause the patient's injuries, positing other possible causes related to human error. This opinion was neither speculative nor conclusory, as it was based on the internal safety features of the USDA approved device, the failure to find a defect upon inspection, the fact that no similar defect had ever been reported, and a study finding that phacoemulsification complications often resulted from surgical technique. After this expert vouched for the product's compliance with design and manufacturing standards in the industry and posited other possible causes of the injury, respondents failed to exclude all alternative causes for the injury in response (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 224 [2008]).

All other substantive claims having been rejected, the derivative claim for loss of consortium as against appellants must also fall. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ. [*See* 19 Misc 3d 1124(A), 2008 NY Slip Op 50838(U).]