■ MARY JANE STEWART et al., Respondents, v HONEYWELL INTERNATIONAL INC., Appellant, et al., Defendants. (And a Third-Party Action.) [884 NYS2d 743]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 26, 2009, which, to the extent appealed from, denied so much of the motion of defendant Honeywell International Inc. for summary judgment as sought dismissal of plaintiffs' "failure to warn" claims, unanimously reversed, on the law, without costs, the motion granted, and any claims predicated on defendant Honeywell's failure to warn are dismissed.

Plaintiff lost a thumb and two fingers while operating a machine used to mill tin. The accident occurred when she reached into the die area of the machine to remove a finished piece, and the machine unexpectedly recycled, or double-cycled, meaning that the machine's ram lowered.

At issue on this appeal is whether the manufacturer, or, in this case, its successor, defendant Honeywell International Inc., is liable for failure to post appropriate warnings on the machine. As recited in the expert's affidavit submitted in opposition to Honeywell's motion for summary judgment, plaintiff alleges that the manufacturer was negligent in failing to provide certain specific warnings: "There should have been prominent and permanent warnings placed on the press with the signal word DANGER or WARNING informing the user that this press had no positive non-repeat mechanism and was subject to unexpected double cycling and that it should NEVER be used without physical and effective point-of-operation barrier guarding."

The machine did, however, have labels with other warnings. One specifically said, "Closing ram and die will result in loss of fingers or limbs if placed in machine. Never place your hands or any part of your body in this machine." Plaintiff admitted that she had seen the label, and was aware that it meant "Never place your hand or any part of your body under the die." She

had also read and understood another label which alerted her to the possibility that she could lose her hand or fingers by putting them under the die.

Plaintiff had worked as a press operator for more than 35 years before the accident, and had operated the machine on which she suffered her injury about five times before her accident. She was also aware before her accident of two coworkers being injured when presses double-cycled.

"A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]). Additionally, where a product "is purposefully manufactured to permit its use without a safety feature, a plaintiff may recover for injuries suffered as a result of removing the safety feature" (*id.* at 238). On the other hand, "where the injured party was fully aware of the hazard through general knowledge, observation or common sense," or where the hazard is patently dangerous or poses an open and obvious risk, the duty to warn may be obviated (*id.* at 241).

Here, plaintiff admitted that she was aware of the warning not to place her hands in the die, and did so anyway. She also was experienced in the use of machines such as the one that caused her injury, and was aware of the possibility of a machine double-cycling. Under such circumstances, regardless of whatever else may have been the proximate cause of plaintiff's injuries, which issues are not before us, the accident cannot be deemed to have resulted from a failure to warn about the dangers of double-cycling or operating the machine without appropriate safety guards. Any claims predicated on Honeywell's failure to warn are thus dismissed. Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ. [*See* 2009 NY Slip Op 30138(U).]