■ NINA LEWIS STRYKER, as Executor of MIRJANA LEWIS, Deceased, Appellant, v D'AGOSTINO SUPERMARKETS INC. et al., Respondents. [931 NYS2d 293]—

In this personal injury action, plaintiff Mirjana Lewis alleges that she tripped and fell on a raised corner of a mat located in a vestibule of a D'Agostino's supermarket. To establish their entitlement to summary judgment, defendants were required to demonstrate as a matter of law that they maintained the subject property in a reasonably safe condition and neither created the alleged dangerous condition nor had actual or constructive notice thereof (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [2011]).

The record shows that a question of fact exists as to constructive notice due to evidence that D'Agostino was "aware of an

ongoing and recurring unsafe condition which regularly went unaddressed" (*Mazerbo v Murphy*, 52 AD3d 1064, 1066 [2008], *appeal dismissed* 11 NY3d 770 [2008]). Contrary to D'Agostino's contention, the supermarket patron's deposition testimony that she made multiple complaints to the supermarket's manager prior to the accident was sufficient to establish that D'Agostino had notice of the hazardous condition that caused plaintiff to trip and fall (*see Simoni v 2095 Cruger Assoc.*, 285 AD2d 431, 432 [2001]).

However, summary judgment was properly granted in favor of the owner of the premises, New 56-79 IG Associates, L.P., and its managing agent, BLDG Management Co., Inc. In light of the owner's status as an out-of-possession landlord, plaintiff was required, but failed, to show "that the purported hazard constituted a structural or design defect that violated a specific statutory provision" (*Boateng v Four Plus Corp.*, 22 AD3d 323, 324 [2005]).

We find the parties' remaining arguments unavailing. Concur—Tom, J.P., DeGrasse, Freedman and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31507(U).]**