■ NINA MARIE LEONE, Plaintiff, v BJ'S WHOLESALE CLUB, INC., Appellant, et al., Defendant, and KILLION INDUSTRIES, INC., Respondent. [931 NYS2d 327]—

Plaintiff was injured when she slipped on water leaking from a refrigerated flower display case in a store owned by defendant BJ's. Defendant Killion, the designer and manufacturer of the display case, established prima facie that plaintiff's injury did not arise from a design defect in the display case. The evidence showed that the display case's condensation evaporation pans had twice the capacity prescribed by the applicable industry standard (*see Carmona v Mathisson*, 54 AD3d 633 [2008]). The expert affidavit that defendant BJ's offered in opposition failed to raise a triable issue of fact, since the expert had not inspected the subject display case; nor did he opine that the design of the display case failed to comply with applicable industry standards (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224 [2008]; *Vasquez v The Rector*, 40 AD3d 265, 266-267 [2007]).

Killion also established that plaintiff's injury was not proximately caused by any failure on its part to warn of potential dangerous uses of the display case such as pouring water from the flower buckets into it. The evidence showed that an employee of BJ's knew that the display case could only handle its own condensate and that additional water would leak or spill out (*see Stewart v Honeywell Intl. Inc.*, 65 AD3d 864 [2009]).

Given Killion's freedom from liability for plaintiff's injury, there is no basis for BJ's indemnification claims against it. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.