■ ANN MARIE WIENGES, Respondent, v NEWBURGH MALL, LLC, et al., Appellants. [942 NYS2d 612]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 17, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

This action arose from a slip-and-fall at one of the stores located at the defendant Newburgh Mall, LLC, which is owned by the defendant Newburgh Capital Group, LLC, and managed by the defendant Urban Retail Properties, LLC (hereinafter Urban Retail). On October 31, 2007, the plaintiff was working at a store known as Wilson's Leather when she slipped and fell on a puddle in the store's back room, which resulted from a leak in the store's ceiling.

The defendants moved for summary judgment dismissing the complaint on the ground that they did not create the alleged dangerous condition, nor did they have actual or constructive notice of the alleged dangerous condition. The Supreme Court denied defendants' motion.

A defendant moving for summary judgment in a slip-and-fall action is "required to demonstrate as a matter of law that [it] maintained the subject property in a reasonably safe condition and neither created the alleged dangerous condition nor had actual or constructive notice thereof" (*Stryker v D'Agostino Supermarkets Inc.*, 88 AD3d 584, 584 [2011]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419 [2011]).

The defendants established their entitlement to judgment as a matter of law by making a prima facie showing that they did not have constructive notice of the alleged dangerous condition of the ceiling. In opposition, the plaintiff failed to raise a triable issue of fact. There was no showing that the leak had existed for a sufficient period of time for the defendants to have acquired constructive notice (*see Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]; *Matcovsky v Days Hotel*, 10 AD3d 557 [2004]). Moreover, although the plaintiff showed that there had been leaks in another part of the store for about three months, "[m]ere notice of a general or unrelated problem is not

enough; the particular defect that caused the damage must have been apparent" (*Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 500 [2007]; *see Chianese v Meier*, 98 NY2d 270 [2002]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]). Here, the leak in the other part of the store was insufficient to charge the defendants with constructive notice of the leak that caused the plaintiff to fall (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.