The plaintiff Laurie Glockenberg (hereinafter the injured plaintiff) allegedly was injured at a store operated by the defendant/third-party plaintiff, Costco Wholesale Corporation (hereinafter Costco), when she was struck by her shopping cart on a *953 travelator — a type of escalator on which customers travel with their shopping carts from the first to the second floor. The accident occurred when the cart’s wheels slipped, and the cart pushed her into the left side of the travelator. The injured plaintiff, and her husband suing derivatively, commenced this action against Costco, which in turn commenced a third-party action against Westmont Industries (hereinafter Westmont), the manufacturer of the travelator, and Peggs Company (hereinafter Peggs), which manufactured the wheels for the shopping carts used on the travelator.
Evidence adduced during discovery indicated that the wheels of the carts were subject to “mushrooming,” which caused them not to fit into the grooves of the conveyer of the travelator, and that Costco employees were obligated, but failed, to inspect the cart used by the plaintiff in order to ascertain the presence of this recurring defect. There was also evidence that the shallowness of the grooves may have contributed to the failure of the system, and that even brand new wheels did not always lock into the grooves.
Peggs moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it, Westmont cross-moved, among other things, for summary judgment dismissing the third-party complaint insofar as asserted against it, and the plaintiffs separately moved for summary judgment against Costco on the issue of liability. In an order entered March 1, 2012, the Supreme Court granted the plaintiffs’ motion for summary judgment against Costco on the issue of liability, granted those branches of.Peggs’s motion which were for summary judgment dismissing the seventh cause of action in the third-party complaint, which alleged negligence against it, the eighth cause of action in the third-party complaint, which alleged strict products liability against it, and the ninth cause of action in the third-party complaint, which alleged breach of warranty against it, and granted that branch of Westmont’s cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it. Costco appeals from the order, contending that the Supreme Court should have denied the plaintiffs motion, those branches of Peggs’s motion that were addressed to the seventh, eighth, and ninth causes of action in the third-party complaint, and those branches of Westmont’s cross motion that were addressed to the first, second, and third causes of action in the third-party complaint.
The Supreme Court properly granted the plaintiffs’ motion for summary judgment against Costco on the issue of liability, *954 since they established as a matter of law that Costco had actual knowledge of a recurring dangerous and defective condition and, therefore, could be charged with constructive knowledge of each specific recurrence of the condition, which was a proximate cause of the accident, and that the injured plaintiff was free from comparative fault (see Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1142 [2010]; LaPorta v Wilmorite, Inc., 298 AD2d 920 [2002]). In opposition to that showing, Costco failed to raise a triable issue of fact as to whether it lacked actual or constructive notice, or as to whether it exercised reasonable care to remedy the recurring condition (see LaPorta v Wilmorite, Inc., 298 AD2d at 921).
However, the Supreme Court erred in granting those branches of Westmont’s cross motion which were for summary judgment dismissing the first, second, and third causes of action in the third-party complaint, which sought damages against it for negligence, strict products liability, and breach of warranty, respectively. As the proponent of the cross motion for summary judgment, Westmont was required to make a prima facie showing of entitlement to judgment as a matter of law, tendering evidence sufficient to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In support of its cross motion, Westmont merely pointed to gaps in Costco’s proof, rather than affirmatively establishing that it was not liable. Accordingly, those branches of Westmont’s cross motion which were for summary judgment dismissing the first, second, and third causes of action in the third-party complaint should have been denied, without regard to the sufficiency of Costco’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; L.M.B. v Sevylor USA, Inc., 43 AD3d 1355 [2007]; Falah v Stop & Shop Cos., Inc., 41 AD3d 638, 639 [2007]; George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614 [1992]).
Those branches of Peggs’s motion which were for summary judgment dismissing the seventh and eighth causes of action in the third-party complaint, which were to recover damages against it for negligence and strict products liability, respectively, were properly granted. Peggs made a prima facie showing of entitlement to judgment as a matter of law with respect to Costco’s theory of liability based upon a design defect by submitting the affidavit of an expert engineer, which established that the wheels on the carts were not defectively designed (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861 [2009]). It then became incumbent upon Costco to produce competent proof that the wheels “as designed, [were] not reasonably safe because *955 there was a substantial likelihood of harm and it was feasible to design the product in a safer manner” (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 108 [1983]). While Costco came forward with evidence tending to refute Peggs’s showing that the wheels were not defectively designed, Costco failed to raise a triable issue of fact as to whether it was feasible to design the product in a safer manner (see Magadan v Interlake Packaging Corp., 45 AD3d 650, 652 [2007]; Felix v Akzo Nobel Coatings, 262 AD2d 447 [1999]). The conclusory assertion of Costco’s expert that “it was both technically and economically feasible to develop a system wherein the wheels’ outer discs would be stiffer and less prone to mushrooming” did not suffice to raise a triable issue of fact in connection with that issue (see Stalker v Goodyear Tire & Rubber Co., 60 AD3d 1173 [2009]).
With respect to Costco’s cause of action alleging products liability against Peggs, based the theory of a failure to warn of dangers inherent in the use of cart with the travelator system, there is no duty to warn against a known hazard (see Vail v KMart Corp., 25 AD3d 549, 551 [2006]). Peggs established that Costco had actual knowledge of the specific hazard that caused the injured plaintiff’s injury, and Costco failed to raise an issue of fact in opposition to that showing (see Leone v BJ’s Wholesale Club, Inc., 89 AD3d 406, 407 [2011]).
The Supreme Court erred however, in granting that branch of Peggs’s motion which was for summary judgment dismissing the ninth cause of action in the third-party complaint, which alleged that it breached the implied warranties of merchantability and fitness for a particular purpose. In opposition to Peggs’s prima facie showing of entitlement to judgment as a matter of law dismissing that cause of action, Costco raised triable issues of fact with respect to whether Peggs’s product was unmerchantable or of an unacceptable quality for the use that Peggs knew Costco intended to make of the product (see Lindenthaler v Dairy Concepts 291 AD2d 776, 777 [2002]).
The parties’ remaining contentions are without merit. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.