Graham v New York City Hous. Auth. (2024 NY Slip Op 03810)

Graham v New York City Hous. Auth.

2024 NY Slip Op 03810

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07643
 (Index No. 509084/21)

[*1]Shalear Graham, appellant, 
v
New York City Housing Authority, et al., respondents.

The Law Office of Michael James Prisco PLLC, Wantagh, NY, for appellant.
Quintairos, Prieto Wood & Boyer, P.A. (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 13, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
On December 5, 2020, the plaintiff, a resident in an apartment building owned and managed by the defendants, allegedly slipped and fell on a wet floor in a hallway within the building. The plaintiff commenced this action against the defendants to recover damages for injuries she allegedly sustained as a result of the fall. The plaintiff thereafter moved, inter alia, for summary judgment on the issue of liability. By order dated September 13, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the" accident that allegedly caused his or her injuries (Poon v Nisanov, 162 AD3d 804, 807, citing Rodriguez v City of New York, 31 NY3d 312, 319; see Flores v Rubenstein, 175 AD3d 1490, 1490-1491). "A plaintiff," however, "is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825, citing Rodriguez v City of New York, 31 NY3d 312).
"Owners and lessees are under a duty to maintain their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Kipybida v Good Samaritan Hosp., 35 AD3d 544, 545 [internal quotation marks omitted]). In order for a defendant charged with maintaining a property "to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon [the] property, it must be established that the [defendant] affirmatively [*2]created the condition or had actual or constructive notice of its existence" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]). "A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected. In addition, a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 664-665 [citation and internal quotation marks omitted]; see Glockenberg v Costco Wholesale Corp., 110 AD3d 952, 953-954). Indeed, a defendant will be deemed to have constructive notice where there is "evidence [of] an ongoing and recurring dangerous condition [that] existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017; see O'Connor-Miele v Barhite & Holzinger, 234 AD2d 106, 107). However, "[a] general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused [the] plaintiff's fall" (Pagan v New York City Hous. Auth., 172 AD3d 888, 890 [internal quotation marks omitted]). In other words, "[m]ere notice of a general or unrelated problem is not enough; the particular defect that caused the damage must have been apparent" (Wienges v Newburgh Mall, LLC, 94 AD3d 1110, 1110-1111 [internal quotation marks omitted]).
Here, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability (see Glockenberg v Costco Wholesale Corp., 110 AD3d at 954; cf. Marazita v City of New York, 202 AD3d at 952-953). In support of her motion, the plaintiff submitted, inter alia, the transcripts of her deposition testimony and that of Karen Myers, the defendants' supervisor caretaker assigned to the subject building. At her deposition, the plaintiff testified that, while walking in the hallway of the floor that she resided on, she slipped as a result of rainwater that had leaked into the building from an outside terrace. She also testified that during periods of rainfall, she had noticed water leaking into the hallway from underneath the terrace door on numerous occasions over the years she had resided in the building and had observed building employees mopping the area "a lot of times." Myers testified that she had been aware of the recurring leak for at least one year prior to the plaintiff's accident and that the only remedial measure taken by building employees in response was "spot mopping." She conceded that the recurring leak caused a "slip and fall" "hazard," which she expected employees to "mop up." Based upon this testimony, the plaintiff "established as a matter of law that [the defendants] had actual knowledge of a recurring dangerous and defective condition and, therefore, could be charged with constructive knowledge of each specific recurrence of the condition, which was a proximate cause of the accident" (Glockenberg v Costco Wholesale Corp., 110 AD3d at 954; see Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d at 665; LaPorta v Wilmorite, Inc., 298 AD2d 920, 920-921).
In opposition, the defendants failed to raise a triable issue of fact (see Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d at 665; cf. Pagan v New York City Hous. Auth., 172 AD3d at 889-890). Contrary to the defendants' contention, the evidence in the record did not raise triable "issue[s] of fact as to whether [they] lacked actual or constructive notice, or as to whether [they] exercised reasonable care to remedy the recurring condition" (Glockenberg v Costco Wholesale Corp., 110 AD3d at 954). Moreover, as the plaintiff correctly contends, the Supreme Court properly declined to consider excerpts from her hospital records that the defendants submitted in opposition to the motion, since the records were not properly certified, nor did the defendants offer any foundational testimony (see Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1057). The defendants offered no excuse for their failure to submit the records in admissible form, and, "under the circumstances, the inadmissible [records] would have provided the sole basis for denying summary judgment" (Pena v KST Trucking, Inc., 206 AD3d 1007, 1008).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court