■ Bertha Fielding et al., Appellants, v Rachlin Management Corp. et al., Respondents. [766 NYS2d 381] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered June 6, 2002, which, upon granting the defendants' motions pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, which was reserved for decision, and made at the close of the evidence, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motions are denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

At trial, the injured plaintiff testified that she slipped and fell in a puddle of rainwater located in the basement of the apartment building where she resided. After her fall, she observed rainwater entering the basement passageway through a window, which was open despite a building policy that the defendants' employees were obligated to close all windows during a heavy rainstorm.

It is well settled that to prove a prima facie case of negligence, the plaintiffs had to demonstrate that the defendants either created the defective condition or had actual or constructive notice of it (*see Russo v Eveco Dev. Corp.,* 256 AD2d 566 [1998]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). A defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition (*see Freund v Ross-Rodney Hous. Corp.,* 292 AD2d 341 [2002]; *Garcia v U-Haul Co.,* 303 AD2d 453 [2003]).

The trial court erred in granting judgment as a matter of law in favor of the defendants. The plaintiffs made out a prima

facie case by presenting evidence which raised an issue of fact as to whether the defendants had constructive notice of such condition and thus could be held liable. The trier of fact could rationally conclude that the defendants had actual notice of a recurring condition based on the intensity and duration of the storm prior to the accident, the plaintiffs' testimony concerning the condition of the passageway floor, the building superintendent's testimony about previous accumulations of rainwater resulting from open windows, and the failure of the doorman to comply with the building rule requiring the closure of basement windows during the rainstorm (*see Friedman v Gannett Satellite Info. Network,* 302 AD2d 491 [2003]; *Coletta v City of New York,* 291 AD2d 527 [2002]; *Garcia v U-Haul Co., supra).* Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.