Patricia **SAMUELS**, Plaintiff–Appellant,

v.

**MARRIOTT INTERNATIONAL, INC.**, Defendant–Appellee.

Docket No. 03–7580.

United States Court of Appeals, Second Circuit.

Jan. 21, 2004.

**454**

Francesco Pomara, Jr., Mallilo & Grossman, Flushing, NY, for Appellant.

William D. Buckley, Garbarini & Scher, P.C., New York, NY, for Appellees.

PRESENT: OAKES, CABRANES Circuit Judges and AMON * District Judge.

### SUMMARY ORDER

Plaintiff Patricia Samuels appeals from an entry of summary judgment for defendant Marriott International, Inc. on May 12, 2003, by the United States District Court for the Eastern District of New York. Plaintiff brought an action for negligence, alleging that she suffered injuries from being struck by a wooden "horse" or barricade that had been placed at the perimeter of an outdoor party adjacent to defendant's Marriott Hotel in Brooklyn. Plaintiff believes that the barricade struck her because of some combination of wind and people moving behind the barricade. The District Court granted summary judgment for defendant, on the ground that "Plaintiff has offered no evidence whatsoever that Defendant either created a dangerous condition or had actual or constructive notice of such a condition."

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review the District Court's grant of summary judgment *de novo. Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). Since this action is brought pursuant to the diversity jurisdiction of the federal courts, we apply the substantive law of the forum state, which, in this case, is New York law. *See*

* The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.

*Brink's Ltd. v. S. African Airways,* 93 F.3d 1022, 1030 (2d Cir.1996) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

 It is well settled as a matter of New York law that to establish a prima facie case of negligence, a plaintiff must show that the defendant either created a dangerous condition, or had actual or constructive notice of a dangerous condition. *See Fielding v. Rachlin Mgt. Corp.,* 309 A.D.2d 894, 766 N.Y.S.2d 381, 381 (2d Dept.2003); *George v. Ponderosa Steak House,* 221 A.D.2d 710, 632 N.Y.S.2d 893, 894 (3d Dept.1995). Even assuming that defendant placed the barricade that ultimately fell on plaintiff, defendant did not thereby create a dangerous condition. Under plaintiff's theory, it was the strong wind, in connection with people moving behind the barricade–presumably bumping into it–that caused the barricade to fall. Yet plaintiff has offered no evidence that the barricade was dangerous, even on a very windy day, absent the agency of a third party or parties; or that it was reasonably foreseeable that others would bump into the barricade and cause it to fall on plaintiff. *See Tagle v. Jakob,* 97 N.Y.2d 165, 168, 737 N.Y.S.2d 331, 763 N.E.2d 107 (2001) ("[I]t is for the court first to determine whether any duty [of care] exists, taking into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm."). Nor has plaintiff offered any evidence that defendant had actual or constructive notice of such a danger. *See, e.g., Piacquadio v. Recine Realty Corp.,* 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 646 N.E.2d 795 (1994) (noting that a " 'general awareness' that a dangerous condition may be present" does not amount to actual or constructive notice).

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**