■ NEAKOLAOS ROUSSOS, Appellant, v GINA CICCOTTO et al., Respondents. [792 NYS2d 501]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated July 31, 2003, which granted the motion of the defendant Gina Ciccotto for summary judgment dismissing the complaint insofar as asserted against her, and upon converting the motion of the defendant Prestige Cleaning Company to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against it to a motion for summary judgment, granted the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Gina Ciccotto and substituting therefor a provision denying that motion, and the complaint is reinstated insofar as asserted against the defendant Gina Ciccotto; as so modified, the order is affirmed, with one bill of costs to the defendant Prestige Cleaning Company payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendant Gina Ciccotto.

The plaintiff was injured when he allegedly tripped over two newspapers enclosed in plastic bags which lay upon a staircase in the building where he resided. The building is owned by the defendant Gina Ciccotto who had a verbal agreement with the defendant Prestige Cleaning Company (hereinafter Prestige) to perform "limited" cleaning duties.

"[T]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506 [1995]). "On a motion for summary judgment to dismiss the complaint based on lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Meyer v Pathmark Stores*, 290 AD2d 423 [2002]; *see Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). In this case

Ciccotto failed to meet her prima facie burden of demonstrating lack of constructive notice regarding the allegedly hazardous condition which caused the plaintiff to fall (*see Romero v Jamaica Hosp.*, 295 AD2d 492 [2002]). Specifically, in view of the plaintiff's deposition testimony that the newspapers remained on the stairwell for approximately 24 hours before the accident took place, there is an issue of fact as to whether the condition existed for a sufficient length of time so as to place Ciccotto on constructive notice (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Fundaro v City of New York*, 272 AD2d 516, 517 [2000]; *cf. Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Furthermore, the fact that the newspapers may have been readily observable does not necessarily absolve the landowner of liability, but instead presents an issue of fact regarding the plaintiff's comparative fault (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]). Accordingly, the Supreme Court should have denied Ciccotto's motion without consideration of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In any event, the proof submitted by the plaintiff raised a triable issue of fact as to whether Ciccotto had actual knowledge of a recurring condition of newspapers accumulating on the staircase, and thus may be charged with constructive notice of each specific recurrence of that condition (*see Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540 [2000]; *Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755 [2000]).

The Supreme Court properly granted Prestige's motion. Prestige demonstrated that the informal verbal agreement between it and Ciccotto was not "a comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace [Ciccotto's] duty, as a landowner, to maintain the property safely" (*Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]). Therefore, Prestige did not assume a duty of reasonable care to the plaintiff by virtue of its agreement with Ciccotto (*see Miranti v Brightwaters Racquet & Spa*, 246 AD2d 518, 519 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact as to his contention that Prestige owed him a duty of care. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.