■ MARIAN LaPADULA et al., Respondents, v J.A.A. GROCERY CORP., Doing Business as 8TH AVENUE GROCERY, et al., Appellants. [829 NYS2d 103]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered July 10, 2006, which denied defendants' respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured when she stepped off a front-door step measuring 9 inches in height, and thus exceeding the $7^{1}/_{2}$-inch maximum height differential specified in the applicable Building Code provision (*see* Administrative Code of City of NY § 27-371 [h]). Given the evidence of a significant structural or design defect in violation of a specific code safety provision, a triable issue exists as to whether defendant landlord 46 Estates Corp., which reserved the right to reenter the premises and make repairs, had constructive notice of the alleged hazard (*cf. McDonald v Riverbay Corp.*, 308 AD2d 345 [2003]; *Johnson v Urena Serv. Ctr.*, 227 AD2d 325 [1996], *lv denied* 88 NY2d 814 [1996]). There is also a triable issue as to whether the alleged defect was a substantial factor in causing plaintiff's injury in

light of plaintiff's sworn statements that the height of the step-off was unexpected and caused her foot not to come down "flat" on the sidewalk, and the affidavit of plaintiff's expert engineer, stating that the height differential in excess of that permitted by the Code constituted an unreasonably hazardous condition.

Issues of fact exist as well as to whether defendant commercial tenant J.A.A. Grocery Corp. may be answerable for the alleged defect given the photographic evidence and the testimony of the tenant's principal indicating that the tenant's renovations of the subject premises may have affected the height of the step-off. There are also triable issues as to whether defendant tenant, even if it were not responsible for creating the defect, may be held responsible for failing to remediate the defect on a constructive notice theory (see Putnam v Stout, 38 NY2d 607 [1976]; Zito v 241 Church St. Corp., 223 AD2d 353, 355-356 [1996]). We note in this connection that the step was structural, in open view, and, at least arguably, could not have been overlooked or avoided since it was located at the Grocery's front door, and that the claimed excess height differential of 1½ inches represents a 20% increase over the 7½-inch differential specified in Administrative Code § 27-371 (h). Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.