■ PATRICIA PASQUA, Appellant, v HANDELS-EN PRODUCTIEMAATSCHAPPIJ DE SCHOUW, B.V., Also Known as HANDELS-EN PRODUCTIEMAATSCHAPPIJ "DE SCHOUW" B.V., et al., Respondents, et al., Defendant. [841 NYS2d 296]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 15, 2006, which, in an action for personal injuries sustained in a slip and fall in a shopping center owned

by defendant-respondent Handels, leased by Handels to operating net lessee defendant-respondent AVR Realty, and subleased by AVR to defendant-respondent prime tenant Kohl's Department Stores, granted motions by defendants-respondents for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the motions as to Handels, AVR and Kohl's, and reinstate the complaint as against said defendants, and otherwise affirmed, without costs.

Plaintiff adduced evidence that the ice on which she slipped was formed by water that had dripped onto the sidewalk from an overhang; that the dripping was a longstanding condition of the premises that routinely occurred when it rained or, as here, after a significant snowfall; and that the dripping was a violation of State Uniform Fire Prevention and Building Code (9 NYCRR) § 903.2 ("Method of storm water disposal"), in effect at the time of the incident. Such evidence is sufficient to raise issues of fact as to whether Handels and AVR, each of which reserved the right to reenter the premises and make repairs, and Kohl's, which does not claim that it was out of possession, had constructive notice of the alleged ice on which plaintiff fell (*see LaPadula v J.A.A. Grocery Corp.*, 37 AD3d 237, 238 [2007]; *and see David v New York City Hous. Auth.*, 284 AD2d 169, 171 [2001]). We affirm the dismissal of the action as against BMP Services, Inc., the snow removal service hired by Kohl's, since it owed no duty under the facts presented. Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.