■ RAVINDRA TAMHANE et al., Respondents-Respondents, v CITIBANK, N.A., Respondent-Appellant, ANTONIA GIBNEY CAMPBELL, as Executrix of FREDRIC J. WARMERS, Deceased, Appellant, and TEMCO SERVICE INDUSTRIES, INC., Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) CITIBANK, N.A., Second Third-Party Plaintiff-Respondent-Appellant, v ONE SOURCE FACILITY SERVICES, INC., Second Third-Party Defendant, and TEMCO SERVICE INDUSTRIES, INC., Second Third-Party Defendant-Appellant-Respondent. TEMCO SERVICE INDUSTRIES, INC., Third Third-Party Plaintiff-Appellant-Respondent, v L.I.S.R., INC., Third Third-Party Defendant-Respondent-Appellant. CITIBANK, N.A., Fourth Third-Party Plaintiff-Respondent-Appellant, v TEMCO BUILDING MAINTENANCE, INC., Fourth Third-Party Defendant-Appellant-Respondent. [877 NYS2d 78]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 26, 2008, that denied the motion of defendants Citibank, N.A. and Campbell to preclude testimony of plaintiffs' experts, unanimously affirmed, without costs. Order, same court and Justice, entered September 17, 2008, which,

insofar as appealed from, denied Citibank's motion for summary judgment dismissing the complaint as against it and for summary judgment on its claim for indemnification against defendant Temco Service Industries, Inc. and Temco Building Maintenance, Inc. (Temco), and denied Temco's and third third-party defendant L.I.S.R., Inc.'s (L.I.S.R.) motions for summary judgment dismissing all claims and cross claims against them, unanimously modified, on the law, to grant summary judgment to third-party defendant L.I.S.R. and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of third third-party defendant L.I.S.R. dismissing the third third-party complaint and all cross claims against it.

Plaintiff slipped at or close to the entranceway to the East Meadow branch of Citibank on Saturday morning March 4, 2006 on what he claimed was a transparent bit of ice. There was no visible snow or ice in the parking lot or near the entrance where he slipped.

Plaintiff and his wife sued Citibank and Citibank then served a third-party complaint against Temco, its general maintenance and custodial services contractor. Plaintiffs then amended their complaint to cross-claim against Temco, who brought a third party action against L.I.S.R. (Long Island Snow Removal). Citibank cross-claimed against L.I.S.R., the company that Temco hired pursuant to an oral agreement to remove snow from Citibank's East Meadow branch. The agreement between Temco and L.I.S.R., that had existed since 1994, provided that the latter would clear snow from the parking lot and sidewalks and salt when at least one inch had fallen and would also come upon request. It is undisputed that there had been snow and rain on March 1 and 2 and that L.I.S.R. had shoveled and salted the parking lot and entrance area on March 2nd and returned upon request for further salting on March 3, 2006. L.I.S.R. completed the salting by 5:00 P.M. that day.

Plaintiffs' bill of particulars and their experts' affidavits aver that plaintiff slipped on ice that formed because snow on the roof of the Citibank building and on a sign attached to the building melted, causing water to drip onto the ground in front of the entranceway. The water then froze, causing a thin sheet of "invisible" ice to form.

The evidence that the ice upon which plaintiff slipped was formed by a longstanding thaw-refreeze condition is sufficient to raise triable issues of fact at to whether Citibank and Temco had constructive notice of the alleged ice condition (*see Pasqua v Handels-En Productiemaatschappij De Schouw, B.V.*, 43 AD3d 647 [2007], *lv dismissed* 10 NY3d 790 [2008]). Temco's conten-

tion that it owed no direct duty to plaintiff is unavailing, as the record contains evidence sufficient to raise triable issues of fact whether Temco may have exacerbated the alleged recurring thaw-refreeze condition or had displaced Citibank's duty to maintain the premises safely (*Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). These issues of fact also preclude summary dismissal of common-law contribution and indemnification claims against Temco (*see Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]).

Similarly, Citibank may recover from Temco under the indemnity provisions of their written contract to the extent, if any, it is determined to be without fault in causing plaintiff's injuries (*see Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 338 [2004]; *Pardo v Bialystoker Ctr. & Bikur Cholim, Inc.*, 10 AD3d 298, 301 [2004]).

However, the motion court should have dismissed the claims against L.I.S.R. Based on plaintiffs' theory of the case that plaintiff slipped on ice that formed from water that dripped from defendant Citibank's roof and then froze, and the paucity of evidence as to any other source of the ice upon which plaintiff allegedly slipped, there is no view of the evidence that would support liability on the part of L.I.S.R. L.I.S.R. was hired to plow and salt the parking lot and sidewalks after one inch of snow fell or when requested. It is uncontroverted that all snow had been removed on March 2nd, and documents show that L.I.S.R. performed further salting on March 3rd after Citibank requested it. Nowhere does plaintiff claim that inadequate snow removal caused the ice to form.

Plaintiffs' expert's affidavit avers that L.I.S.R.'s principal, who had serviced the site, should have known about what must have been a recurring condition, and either shoveled the roof or displayed warning cones. However, L.I.S.R. had no contractual or other duty to shovel the roof or provide cones, and there is no reason to believe that L.I.S.R., as a snow removal subcontractor, either knew about a condition that occurred after it left the premises or had any obligation to do anything about it. Although defendant Temco raises the possibility that based on the presence of ice on March 6th L.I.S.R. either inadequately performed its function or somehow exacerbated a condition, for the trier of fact to reach such a conclusion would amount to rank speculation.

Where, as here, a snow removal contract was not the type of comprehensive and exclusive property maintenance obligation, as Temco had, that could provide a basis for liability, a snow removal contractor owes no duty to a third party (*Espinal*, 98

NY2d at 140-141). Here Temco, under contract for general maintenance, and Citibank, as the tenant in possession, had the duty to maintain the premises in safe condition. In *Espinal*, the Court of Appeals found that a snow removal contractor owed no duty of care to a person who slipped and fell on an icy parking lot that the contractor failed to properly clear of snow. Although the *Espinal* Court acknowledged that a contractor who created or exacerbated a dangerous condition might be liable, as in the case here, plaintiff has not offered any support for the allegations that L.I.S.R.'s activities increased the hazardous condition of the lot. Merely plowing snow and salting, after one inch falls or on request, as required by a contract, is insufficient for a factual finding that the work either created or exacerbated a dangerous condition and is also insufficient to impose a duty of care toward a third person (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 360-361 [2007]).

The motion court properly denied Citibank's motion to preclude plaintiffs' experts' testimony. Those opinions that the ice on which plaintiff allegedly slipped was formed by a longstanding "thaw-refreeze" condition whereby snow and ice collect on the roof of the bank building, then thaw and drip onto the ground and refreeze, do not present any insuperable conflict with plaintiffs' position of no defect in the roof design. The existence of the thaw-refreeze condition that plaintiffs' experts discuss is supported by evidence apart from the experts' own affidavits, such as the testimony of L.I.S.R.'s principal. The water stains on the underside of the sign merely supplement this evidence. The experts' testimony thus may be submitted for the purpose of explaining to the jury the nature of the alleged thaw-refreeze condition and its longstanding existence (*see e.g. Taylor v Bankers Trust Co.*, 80 AD2d 483, 484-486 [1981]), and will also be helpful in explaining measures that could have been taken to ameliorate the condition.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.