■ ANNETTE LEHR et al., Appellants, v MOTHERS WORK, INC., Respondent. [903 NYS2d 345]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 31, 2009, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff Annette Lehr allegedly sustained personal injuries when she tripped over the leg of a clothing rack and fell into an adjacent rack of clothes in defendant's store. She contends that defendant created a dangerous condition by placing the racks too close together and that an additional hazard existed because clothing strewn haphazardly on the racks and floor obscured the legs and wheels of the racks. Plaintiffs' daughter, who was with her mother at the store that day, stated in her affidavit that she had complained to a sales clerk on two earlier visits about the racks being too close together to navigate around, and that the racks were overloaded with clothes then strewn about.

The daughter's affidavit, coupled with Annette Lehr's testimony concerning the closeness of the racks, is sufficient to establish a triable issue as to whether defendant created a dangerous condition in the manner in which racks were placed on the day of the accident. The affidavit also provides evidence of notice of a recurring condition of garments strewn about and racks overloaded, which would also create an issue of fact as to whether there was an ongoing hazard at the store that was routinely ignored, and caused this accident (*see Mullin v 100 Church LLC*, 12 AD3d 263 [2004]; *Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107 [2003]; *David v New York City Hous. Auth.*, 284 AD2d 169 [2001]).

Although defendant argues it had sufficient maintenance procedures in place to make sure that clothing was removed from the floor and that the racks were properly placed, there are triable issues as to the condition of the store and the placement of the racks at the time of the accident. The record is insufficient to establish entitlement to summary judgment as a matter of law (*see Cignarella v Anjoe-A.J. Mkt., Inc.*, 68 AD3d 560 [2009]). Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.