■ PALMA MILANO, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. [903 NYS2d 78]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), entered December 19, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On a rainy morning, the plaintiff arrived for a medical appointment at the defendant, Staten Island University Hospital, in which she had to walk through a hallway with wall-to-wall carpeting to reach the reception area. She allegedly slipped and fell on water on the linoleum floor at the reception area, which lacked any floor mats. It is undisputed that precipitation in the form of rain and snow was falling outside at the time of the accident. Although the plaintiff testified at her deposition that she did not see any wet condition on the floor prior to her fall, the plaintiff further testified that, immediately after falling, she saw "water on the floor," "stuff from an umbrella," and "dirty footprints," which she attributed to water dripping from wet umbrellas.

In support of its motion for summary judgment dismissing the complaint, the defendant submitted evidence establishing, prima facie, that it neither created the alleged wet condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it that morning (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 749 [2007]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]).

However, in opposition, the plaintiff submitted sufficient evidence to raise a triable issue of fact (*see Zuckerman v City of*

*New York*, 49 NY2d 557, 562 [1980]) as to whether the defendant had constructive notice of the alleged wet condition. "A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (*Freund v Ross-Rodney Hous. Corp.*, 292 AD2d 341, 342 [2002] [internal quotation marks omitted]; *see Kormusis v Jeffrey Gardens Apt. Corp.*, 31 AD3d 392 [2006]; *Fielding v Rachlin Mgt. Corp.*, 309 AD2d 894, 895 [2003]; *LoSquadro v Roman Catholic Archdiocese of Brooklyn*, 253 AD2d 856, 857 [1998]). The record reveals, inter alia, that the defendant was aware that the immediate area surrounding the reception desk would become wet and dangerous during periods of inclement weather, and the maintenance staff followed a procedure of placing additional mats on the area where the plaintiff fell (*see Pasqua v Handels-En Productiemaatschappij De Schouw, B.V.*, 43 AD3d 647, 648 [2007]; *Fielding v Rachlin Mgt. Corp.*, 309 AD2d at 895; cf. *Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 466 [2009]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d at 411).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.