■ THOMAS AMENDOLA, Appellant, v CITY OF NEW YORK, Respondent. [932 NYS2d 172]—

The plaintiff allegedly slipped and fell on grease on the steps of a trailer which housed a workers' locker room. The trailer was located inside an enclosed sanitation garage. The defendant City of New York moved for summary judgment dismissing the complaint, contending that it did not create or have actual or constructive notice of the alleged hazardous condition. The Supreme Court granted the motion. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Walsh v Super Value, Inc.*, 76 AD3d 371 [2010]; *Gambino v City of New York*, 60 AD3d 627 [2009]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610 [2011]). Additionally, a defendant who has actual knowledge of an ongoing and recurring dangerous condition may be charged with constructive notice of each specific

reoccurrence of the condition (*see Milano v Staten Is. Univ. Hosp.*, 73 AD3d 1141 [2010]; *Kohout v Molloy Coll.*, 61 AD3d 640 [2009]; *Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *Roussos v Ciccotto*, 15 AD3d 641 [2005]). A general awareness of a condition, however, is insufficient to constitute constructive notice of the specific condition that caused the plaintiff to fall (*see Kostic v Ascent Media Group, LLC*, 79 AD3d 818 [2010]; *Mauge v Barrow St. Ale House*, 70 AD3d 1016 [2010]; *Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659 [2006]). A defendant cannot satisfy its initial burden as the movant merely by pointing to gaps in the plaintiff's case (*see McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609 [2011]; *Davranov v 470 Realty Assoc., LLC*, 79 AD3d 697 [2010]; *Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]).

Here, the defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law and, therefore, the Supreme Court should have denied its motion for summary judgment dismissing the complaint. Given the location of the accident site, the defendant failed to establish, prima facie, that the greasy substance was not created by its employees (*see Brown v Outback Steakhouse*, 39 AD3d 450 [2007]; *Kelly v Media Serv. Corp.*, 304 AD2d 717 [2003]; *Hopkins v Statewide Indus. Catering Group*, 272 AD2d 577 [2000]). The defendant also failed to submit any evidence as to when the subject staircase was last cleaned or inspected. Hence, it failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (*see Gray v Lifetitz*, 83 AD3d 780 [2011]; *Alston v Starrett City Assoc.*, 72 AD3d 711 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). Moreover, the defendant's submissions failed to eliminate all triable issues of fact as to whether it had actual notice of a reoccurring hazardous condition which routinely went unaddressed (*see Milano v Staten Is. Univ. Hosp.*, 73 AD3d 1141 [2010]; *Kohout v Molloy Coll.*, 61 AD3d 640 [2009]; *Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *Roussos v Ciccotto*, 15 AD3d 641 [2005]). Since the defendant failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiff's opposition papers (*see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.