■ DALE HALPERN et al., Appellants, v COSTCO WAREHOUSE/ COSTCO WHOLESALE, Respondent. [943 NYS2d 567]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 2, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Kokin v Key Food Supermarket, Inc., 90 AD3d 850 [2011]; Amendola v City of New York, 89 AD3d 775 [2011]; Lee v Port Chester Costco Wholesale, 82 AD3d 842 [2011]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). In addition, a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition (see Amendola v City of New York, 89 AD3d at 775-776; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141 [2010]).

Here, the defendant established its entitlement to judgment as a matter of law by offering evidence that it neither created the alleged hazardous condition which caused the injured plaintiff's fall, nor had actual or constructive notice of it (see Lee v Port Chester Costco Wholesale, 82 AD3d at 842; Cusack v Peter Luger, Inc., 77 AD3d 785, 786 [2010]; Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [2008]). However, in opposition, the plaintiffs submitted evidence sufficient to raise a triable issue of fact as to whether the defendant can be charged with constructive notice on the theory that it was aware of a particular recurring condition in the area where the accident

occurred which it failed to adequately address (*see Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 960-961 [2011]; *Milano v Staten Is. Univ. Hosp.*, 73 AD3d at 1142; *Lehr v Mothers Work, Inc.*, 73 AD3d 564 [2010]; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345-346 [2004]; *cf. Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *DeJesus v New York City Hous. Auth.*, 53 AD3d 410, 411 [2008], *affd* 11 NY3d 889 [2008]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355, 356 [2002]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.