Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 7, 2012, which, to the extent appealed from as limited by the briefs, denied defendants’ motions for summary judgment dismissing the complaint and all cross claims as against them, and denied third-party defendant Pro-Quest Security, Inc.’s motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant Pro-Quest’s motion as to the third-party causes of action except for the cause of action for common-law indemnification of defendant/third-party plaintiff Temco Services Industries, Inc., and otherwise affirmed, without costs.
Contrary to the contention of defendants BP/CG Center I, Inc., BP/CG Center II, Inc., and Boston Properties Limited Partnership (collectively, Boston), the record demonstrates that the loading dock and ramp on which plaintiff slipped and fell were means of ingress and egress on premises open to the public. Thus, Boston had a nondelegable duty to maintain them in a reasonably safe condition, and can be held vicariously liable for any negligence on the part of Temco or Pro-Quest that *414 caused them to be unsafe (see LoGiudice v Silverstein Props., Inc., 48 AD3d 286 [1st Dept 2008]). The record presents issues of fact whether Temco failed to perform its maintenance contract with Boston, performed negligently, or negligently created the wet condition on the ramp (see Tamhane v Citibank, N.A., 61 AD3d 571, 572-573 [1st Dept 2009]). Among the evidence is conflicting testimony as to whether it was a Temco or a Pro-Quest employee who was holding a hose.
In light of the issue of fact whether its employee created the dangerous condition resulting in plaintiff’s injuries, Temco’s common-law indemnification claim against Pro-Quest was correctly permitted to proceed. Temco’s third-party contract claims should be dismissed because Temco has no contract with Pro-Quest.
Boston’s third-party breach of contract claim against Pro-Quest should be dismissed because Pro-Quest demonstrated that it complied with its contractual obligations to Boston with respect to insurance (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111 [2001]; North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294 [1993]). Boston’s common-law indemnification claim against Pro-Quest should be dismissed based on the antisubrogation rule (see North Star Reins., 82 NY2d at 294). Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.