■ JOSEPH WILLIS, Appellant, v GALILEO CORTLANDT, LLC, et al., Respondents, et al., Defendants. [964 NYS2d 576]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 7, 2012, as granted those branches of the separate motions of the defendants Galileo Cortlandt, LLC, and Centro GA Cortlandt, LLC, and the defendants Barnes & Noble Superstores, Inc., Barnes & Noble, Inc., and Barnes & Noble Booksellers, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Galileo Cortlandt, LLC, and Centro GA Cortlandt, LLC, and the defendants Barnes & Noble Superstores, Inc., Barnes & Noble, Inc., and Barnes & Noble Booksellers, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The plaintiff, a security guard, allegedly was injured during

the course of his employment when his foot became entangled in debris and he fell from an elevated loading dock. He subsequently commenced this action against, among others, the owners of the subject property, Galileo Cortlandt, LLC, and Centro GA Cortlandt, LLC (hereinafter together the Cortlandt defendants), and the tenants of the property, Barnes & Noble Superstores, Inc., Barnes & Noble, Inc., and Barnes & Noble Booksellers, Inc. (hereinafter collectively the Barnes & Noble defendants). After discovery, the Cortlandt defendants and the Barnes & Noble defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions, and the plaintiff appeals.

Initially, while certain deposition transcripts submitted by the Cortlandt defendants and the Barnes & Noble defendants in support of their respective motions were unsigned, the transcripts were certified and the plaintiff did not raise any challenges to their accuracy. Thus, contrary to the plaintiff's contention, those deposition transcripts qualified as admissible evidence for the purposes of the motions (see CPLR 3116 [a], [b]; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Zalot v Zieba, 81 AD3d 935, 936 [2011]).

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Halpern v Costco Warehouse/Costco Wholesale, 95 AD3d 828, 828 [2012]; see Kokin v Key Food Supermarket, Inc., 90 AD3d 850 [2011]; Amendola v City of New York, 89 AD3d 775 [2011]; Lee v Port Chester Costco Wholesale, 82 AD3d 842 [2011]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). In addition, a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition (see Amendola v City of New York, 89 AD3d at 775-776; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141 [2010]).

Here, the Cortlandt defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they neither created the condition that allegedly caused the plaintiff's accident, nor had actual or constructive

notice of that condition (*see Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473, 473-474 [2012]; *Pollina v Oakland's Rest., Inc.*, 95 AD3d 1190 [2012]; *Cusack v Peter Luger, Inc.*, 77 AD3d 785, 786 [2010]; *Steisel v Golden Reef Diner*, 67 AD3d 670, 671 [2009]; *DeLeon v Westhab, Inc.*, 60 AD3d 888 [2009]; *Malenda v Great Atl. & Pac. Tea Co., Inc.*, 50 AD3d 972, 972-973 [2008]; *Pomerantz v Culinary Inst. of Am.*, 2 AD3d 821 [2003]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]). However, in opposition to the motion, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether the Cortlandt defendants can be charged with constructive notice on the theory that they were aware of a particular recurring condition in the area where the accident occurred which they failed to adequately address (*see Halpern v Costco Warehouse/Costco Wholesale*, 95 AD3d at 828-829; *Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 960-961 [2011]; *Milano v Staten Is. Univ. Hosp.*, 73 AD3d at 1142; *Lehr v Mothers Work, Inc.*, 73 AD3d 564 [2010]; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345-346 [2004]; *cf. Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *DeJesus v New York City Hous. Auth.*, 53 AD3d 410, 411 [2008], *affd* 11 NY3d 889 [2008]; *Gloria v MGM Emerald Enters.*, 298 AD2d at 356). Therefore, the Supreme Court erred in granting that branch of the motion of the Cortlandt defendants which was for summary judgment dismissing the complaint insofar as asserted against them.

Further, contrary to the Supreme Court's determination, the Barnes & Noble defendants failed to tender evidence sufficient to establish, prima facie, that their employees did not create the allegedly dangerous condition that caused the plaintiff to fall (*see Molloy v Waldbaum, Inc.*, 72 AD3d 659 [2010]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 988-989 [2007]). Therefore, the Supreme Court should have denied that branch of the motion of the Barnes & Noble defendants which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1079 [2012]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.