■ CURL CAMPBELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [970 NYS2d 284]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Sherman, J.), dated February 25, 2011, which denied its motion to dismiss the complaint for failure to prosecute based on the doctrine of laches, or, in the alternative, for summary judgment dismissing the complaint, or to strike the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint for failure to prosecute based on the doctrine of laches. Pursuant to CPLR 3216, an action may not be dismissed for a delay in prosecution unless a written demand has been served on the party prosecuting the action to serve and file a note of issue within 90 days after receipt of the demand (*see Chase v Scavuzzo*, 87 NY2d 228, 230 [1995]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]). The procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where the plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b) (*see Chase v Scavuzzo*, 87 NY2d at 233; *Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 248 [1969]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]). Since the plaintiff was never served with a 90-day demand, the Supreme Court had no authority to dismiss

the complaint due to her alleged unreasonable and prejudicial delay in prosecuting the action (*see Chase v Scavuzzo*, 87 NY2d at 233; *Airmont Homes v Town of Ramapo*, 69 NY2d at 902; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d at 815; *Hodge v New York City Tr. Auth.*, 273 AD2d 42, 43 [2000]).

The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. A defendant who moves for summary judgment in a slip-and-fall or trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Levine v Amverserve Assn., Inc.*, 92 AD3d 728 [2012]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Levine v Amverserve Assn., Inc.*, 92 AD3d at 728; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 775; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). A movant cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (*see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 775; *Cummins v New York Methodist Hosp.*, 85 AD3d 1082, 1083 [2011]). Here, the defendant failed to establish, prima facie, that it lacked constructive notice of the hazardous condition which allegedly caused the plaintiff's fall because it offered no evidence as to when the subject stairway was last cleaned or inspected (*see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 776; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, the drastic remedy of striking the complaint pursuant to CPLR 3126 is not warranted in this case because the defendant failed to make a clear showing that the plaintiff has engaged in a willful and contumacious pattern of noncompliance with disclosure requests or court-ordered discovery (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d at 815; *Polsky v Tuckman*, 85 AD3d 750, 751 [2011]). Eng, P.J., Mastro, Dillon, and Sgroi, JJ., concur.