In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Agate, J.), dated April 24, 2012, which, upon a jury verdict in favor of the plaintiffs, and upon the denial of its motion ^pursuant to CELR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiffs and against it in the principal sum of $250,000.
Ordered that the judgement is affirmed, with costs.
The injured plaintiff, Andreas Nikolakopoulous, slipped and fell while descending a stairway at the Broadway subway sta *717 tion of the N line in Queens. Although it was raining at the time of the accident, the stairway was covered by a canopy. At trial, the plaintiffs presented expert testimony indicating that the wet condition of the stairway was caused by holes in a wind wall that allowed water to leak and accumulate on the stairway. At the conclusion of the trial, the jury found the New York City Transit Authority (hereinafter NYCTA) 100% liable for the happening of the accident, and awarded damages.
NYCTA was not entitled to judgment as a matter of law because the plaintiffs offered evidence of a specific ongoing and recurring dangerous condition, consisting of holes in the wind wall, which allowed water to leak and accumulate on the stairway whenever it rained (see Fielding v Rachlin Mgt. Corp., 309 AD2d 894, 894 [2003]; see also Tucker v New York City Tr. Auth., 42 AD3d 316, 317-318 [2007]; Villaurel v City of New York, 59 AD3d 709 [2009]; cf. Solazzo v New York City Tr. Auth., 6 NY3d 734 [2005]). Moreover, there is no merit to NYCTA’s contention that the testimony of the plaintiffs’ expert was based upon sheer speculation (see Tate v Freeport Union School Dist., 7 AD3d 695 [2004]; cf. Groninger v Village of Mamaroneck, 17 NY3d 125 [2011]; Rui-Jiao Liu v City of White Plains, 95 AD3d 1192 [2012]; Picerno v New York City Tr. Auth., 4 AD3d 349 [2004]). Contrary to NYCTA’s contention, the storm-in-progress rule has no applicability to the facts of this case (see Fielding v Rachlin Mgt. Corp., 309 AD2d 894 [2003]). Accordingly, the Supreme Court properly denied NYCTA’s motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law.
Eng, EJ., Balkin, Sgroi and Cohen, JJ., concur.