■ VALERIE SCHUBERT-FANNING et al., Respondents, v STOP & SHOP SUPERMARKET COMPANY, LLC, Appellant. [988 NYS2d 245]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered May 6, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff Valerie Schubert-Fanning (hereinafter the injured plaintiff), was unloading items from a wooden pallet inside a stock room at a Stop & Shop store in Sayville when she heard a "creak" or "boom," and her foot went through a wooden slat on the pallet, causing her to fall. Prior to the accident, the plaintiff had walked on and off the pallet at least three times while unloading items. As far as she observed that day before the accident, the pallet was neither broken nor cracked, and she felt no weakness in the pallet and did not hear any cracking or creaking.

To demonstrate prima facie entitlement to judgment as a matter of law in a trip-and-fall case, a defendant must establish that it maintained the premises in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (*see Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d 975 [2013]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1061 [2010]; *Molloy v Waldbaum, Inc.*, 72 AD3d 659, 659-660 [2010]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d at 975; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]).

When a landowner has actual knowledge of the tendency of a particular dangerous condition to reoccur, he or she can be charged with constructive notice of each specific reoccurrence of that condition (*see Willis v Galileo Cortlandt, LLC*, 106 AD3d 730 [2013]; *Amendola v City of New York*, 89 AD3d 775, 775-776 [2011]; *Milano v Staten Is. Univ. Hosp.*, 73 AD3d 1141 [2010]; *Weisenthal v Pickman*, 153 AD2d 849 [1989]). A general awareness of a recurring problem is insufficient, without more, to establish constructive notice of the particular condition causing the fall (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed (*see Schnell v Fitzgerald*, 95 AD3d 1295 [2012]; *Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]).

The Supreme Court properly concluded that the defendant

established its prima facie entitlement to judgment as a matter of law by demonstrating, through the submission of, inter alia, a transcript of the injured plaintiff's deposition testimony, that it did not create the condition or have actual or constructive notice thereof.

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant had actual knowledge of a recurring dangerous condition concerning the pallets in the stock room where the accident occurred.

Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.