■ Christina Toussaint, Respondent, v Ocean Avenue Apartment Associates, LLC, et al., Appellants. [40 NYS3d 508]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated June 11, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, who lived in an apartment building owned and managed by the defendants, allegedly sustained personal injuries when a portion of her bathroom ceiling fell on her. The plaintiff alleged that water began to leak from the bathroom ceiling a few days prior to the incident, and that a hole developed in the ceiling about three days prior to the incident. On the day of the incident, as the plaintiff was cleaning the bathtub, more debris fell from the bathroom ceiling, enlarging the existing hole.

The plaintiff commenced this action against the defendants. The plaintiff moved for summary judgment on the issue of liability, contending, inter alia, that the defendants had actual notice of a recurring hazardous condition. The Supreme Court granted the motion.

"In general, to impose liability for an injury caused by a ceiling collapsing 'because of a leak, a plaintiff must show that the defendant had prior notice, actual or constructive, of the leak and that the leak was never repaired' " (*Ellisy v Eklecco, LLC*, 56 AD3d 517, 517 [2008], quoting *Figueroa v Goetz*, 5 AD3d 164, 165 [2004]). A defendant has constructive notice of a defect

when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "In addition, a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition" (*Willis v Galileo Cortlandt, LLC*, 106 AD3d 730, 731 [2013]; *see Amendola v City of New York*, 89 AD3d 775, 775-776 [2011]; *Milano v Staten Is. Univ. Hosp.*, 73 AD3d 1141, 1142 [2010]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]). Mere notice of a general or unrelated condition, however, is insufficient to constitute constructive notice of the specific condition that caused the plaintiff's injuries (*see Wienges v Newburgh Mall, LLC*, 94 AD3d 1110, 1110-1111 [2012]; *Ellisy v Eklecco, LLC*, 56 AD3d at 518; *Anderson v Central Val. Realty Co.*, 300 AD2d 422, 423 [2002]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendants had actual notice of a recurring leak in the bathroom ceiling (*cf. Willis v Galileo Cortlandt, LLC*, 106 AD3d at 732; *Milano v Staten Is. Univ. Hosp.*, 73 AD3d at 1142; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 346 [2004]). The evidence submitted by the plaintiff showed that the same area of the bathroom ceiling had leaked on numerous occasions prior to the incident, causing the same area of the ceiling to collapse. Over a period of two to three years prior to the incident, the plaintiff's family made numerous complaints about the bathroom ceiling leaking, and repairs were performed on the ceiling on four or five occasions. Moreover, approximately three days prior to the incident, complaints were made to the superintendent of the building that the ceiling was leaking again and that a hole had developed. In opposition, the defendants failed to raise a triable issue of fact.

The plaintiff's remaining contention has been rendered academic in light of our determination.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.