Gonzalez v Board of Educ. of City of N.Y. (2018 NY Slip Op 07103)





Gonzalez v Board of Educ. of City of N.Y.


2018 NY Slip Op 07103


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-01358
2016-10531
 (Index No. 19446/07)

[*1]Lucy Gonzalez, respondent, 
v
Board of Education of City of New York, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Elizabeth I. Freedman of counsel), for appellant.
The Edelsteins, Faegenburg & Brown, New York, NY (Paul J. Edelstein and Judah Z. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated November 13, 2015, and (2) an amended judgment of the same court dated September 6, 2016. The judgment and the amended judgment, upon the denial of the defendant's motion, made at the close of evidence, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, upon a jury verdict on the issue of liability in favor of the plaintiff, and upon an order of the same court (Kathy J. King, J.) dated July 8, 2015, denying the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint, are in favor of the plaintiff and against the defendant awarding damages.
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of a slip-and-fall accident that occurred in the vestibule area of P.S. 132 (hereinafter the school) in Brooklyn on February 14, 2007, during a period of snowy and rainy weather. The matter proceeded to a jury trial on the issue of liability. The plaintiff testified, inter alia, that the floor looked "glossy" and was slippery and wet, and that there was no floor mat at the location of her accident. The trial testimony of members of the defendant's custodial staff established that they were aware that water regularly accumulated during inclement weather in the specific area where the plaintiff fell, a condition they routinely addressed by, among other things, placing floor mats at that particular location. Indeed, the school's custodial engineer testified that mats were regularly placed on the floor in order to prevent such accidents and were in place at the time and location of the plaintiff's fall.
The jury returned a verdict in the plaintiff's favor, finding, inter alia, that the defendant was negligent in failing to keep the school's vestibule area where the plaintiff fell in a reasonably safe condition under the circumstances. The defendant unsuccessfully moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint. The Supreme Court subsequently entered an amended judgment in favor of the plaintiff and against the defendant awarding damages. The defendant appeals.
Contrary to the defendant's contention, there was legally sufficient evidence to support the jury's verdict in favor of the plaintiff. With regard to the question of whether the defendant had notice of the condition upon which the plaintiff fell, " [a] defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition'" (Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1142, quoting Freund v Ross-Rodney Hous. Corp., 292 AD2d 341, 342). Here, the plaintiff presented sufficient evidence to raise a question for the jury as to whether the defendant could be charged with constructive notice based on its knowledge of the particular recurring dangerous condition in the area where the plaintiff was injured (see e.g. Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 665; Willis v Galileo Cortlandt, LLC, 106 AD3d 730, 732; Halpern v Costco Warehouse/Costco Wholesale, 95 AD3d 828, 828-829; Milano v Staten Is. Univ. Hosp., 73 AD3d at 1142; Fielding v Rachlin Mgt. Corp., 309 AD2d 894, 894-895).
Furthermore, although the defendant was not required "to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (Negron v St. Patrick's Nursing Home, 248 AD2d 687, 687; see Zerilli v Western Beef Retail, Inc., 72 AD3d 681, 682), the defendant had a duty to maintain the school premises in a reasonably safe condition under all of the attendant circumstances. Here, given the conflicting trial evidence regarding whether, pursuant to the defendant's safety protocols, a floor mat had been in place in the area prone to the recurring accumulation of water during rain or snow conditions where the plaintiff fell, and whether the other precautions undertaken by the defendant's personnel were sufficient to make the premises reasonably safe, an issue regarding the adequacy of the defendant's remedial measures was presented for the jury's resolution (see Friedman v Gannett Satellite Info. Network, 302 AD2d 491, 492; Gagnon v Pondfield Apts., 44 AD2d 597).
Accordingly, viewing the evidence presented in this case in the light most favorable to the plaintiff (see Campbell v City of Elmira, 84 NY2d 505, 509; Lauria v City of New York, 52 AD3d 577, 578), we find that a valid line of reasoning and permissible inferences could lead rational individuals to the jury's conclusion that a dangerous condition existed at the time of the plaintiff's accident, and that the defendant had notice of such condition but failed to undertake reasonable and appropriate measures to remedy it (see generally Soto v New York City Tr. Auth., 6 NY3d 487, 492-493; Gagnon v Pondfield Apts., 44 AD2d at 597).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing determination.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court