■ Maryann Bernardo, Respondent, v 444 Route 111, LLC, Appellant. [921 NYS2d 274]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 5, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff tripped and fell at her workplace, allegedly after stepping into a depression in the floor that was approximately 1½ inches deep. The plaintiff commenced this action against the owner of the building. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

"In a trip and fall case, a plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to

base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009] [internal quotation marks and citations omitted]; *see Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]; *Jackson v Fenton*, 38 AD3d 495 [2007]). The defendant, in support of its motion for summary judgment dismissing the complaint, submitted, among other things, the transcript of the plaintiff's deposition testimony. Contrary to the defendant's contention, although the plaintiff was questioned at her deposition about another possible cause of her fall, the plaintiff's testimony did not establish that she did not know what caused her to fall. Rather, her testimony merely raised a triable issue of fact as to whether and to what extent her fall was caused by the depression in the floor (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142 [2000]).

Contrary to the defendant's contention, it did not make a prima facie showing that the depression in the floor, as a matter of law, did not constitute a structural defect, the repair of which was its responsibility under its lease with the plaintiff's employer.

Finally, the defendant failed to make a prima facie showing that it lacked actual or constructive notice of the allegedly hazardous condition. The evidence it submitted in support of its motion for summary judgment revealed triable issues of fact as to whether the condition could have been readily discovered by the defendant's property managers during their periodic inspections of the premises, or by one of the defendant's principals, who maintained an office and worked every day in the office suite where the accident occurred (*see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610 [2011]). Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.