■ MARIA SANTOS, Appellant, v 786 FLATBUSH FOOD CORP. et al., Respondents, et al., Defendants. [932 NYS2d 525]—

The plaintiff allegedly was injured when she slipped and fell on water in the aisle of a supermarket. An out-of-possession landlord is not liable for injuries sustained on the premises unless a duty to maintain the premises in reasonably safe condition is "imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2d Dept 2011]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 21 [2001]). Here, where the complaint sounds in common-law negligence and does not allege the violation of a statute, the defendants 786 Flatbush Food Corp., Key Food Stores Co-Op, Inc., 786 Flatbush Food Corp., doing business as Key Food, Joseph Kazlow, and Save-A-Dollar Discount, a New York General Partnership (hereinafter collectively the movants), established, prima facie, that Save-A-Dollar Discount, a New York General Partnership, was an out-of-possession landlord which was not bound by contract or course of conduct to make nonstructural repairs (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18-19 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted those branches of the movants' motion which were for summary judgment dismissing the complaint insofar as asserted against Save-A-Dollar Discount, a New York General Partnership, and its member, Joseph Kazlow.

The Supreme Court also properly granted that branch of the movants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Key Food Stores Co-Op, Inc., since it established, prima facie, that it did not own the subject supermarket where the incident occurred or exercise control over the daily operation of the subject store (*see generally Martinez v Higher Powered Pizza, Inc.*, 43 AD3d 670 [2007]). In opposition, the plaintiff failed to raise a

triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court, however, should have denied that branch of the movants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants 786 Flatbush Food Corp. and 786 Flatbush Food Corp., doing business as Key Food (hereinafter together the Food Corp. defendants). The Food Corp. defendants are the tenants operating the supermarket where the accident occurred and, thus, they had the burden of establishing, prima facie, that they did not create the condition that allegedly caused the fall or did not have actual or constructive notice of that condition for a sufficient length of time to remedy it (*see Arzu v County of Nassau*, 76 AD3d 1036 [2010]; *Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]; *Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). Since the movants failed to offer any evidence as to when the accident site was last inspected or cleaned prior to the plaintiff's fall, merely submitting evidence as to the Food Corp. defendants' general cleaning practice, they failed to establish, prima facie, that those defendants did not have constructive notice of the alleged hazardous condition (*see Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Farrell v Waldbaum's, Inc.*, 73 AD3d 846 [2010]; *Ames v Waldbaum, Inc.*, 34 AD3d 607 [2006]). As the movants failed to meet their initial burden with respect to the Food Corp. defendants, it is not necessary to review the sufficiency of the plaintiff's opposition papers. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.