■ RITA L. LAWRENCE, Respondent, v FRANK NORBERTO, JR., et al., Appellants, et al., Defendants. [941 NYS2d 875]—

In an action to recover damages for personal injuries, the defendants Frank Norberto, Jr., Norberto Inc., "LMN" Inc., doing business as Norberto Pools, Inc., and Norberto Pools, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated December 14, 2010, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to recover damages for personal injuries allegedly sustained by the plaintiff when she slipped and fell on premises owned by the defendant Frank Norberto, Jr., the ap-

pellants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff was unable to identify what had caused her to fall. The Supreme Court denied that branch of the motion.

To impose liability on a defendant in a slip-and-fall case, there must be evidence that there was a dangerous condition and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Davis v Rochdale Vil., Inc.*, 63 AD3d 870 [2009]). A plaintiff's inability to identify the cause of the fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Capasso v Capasso*, 84 AD3d 997 [2011]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915 [2009]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). Here, the appellants failed to meet their burden of demonstrating, prima facie, that the plaintiff was unable to identify the cause of her accident (*see Bernardo v 444 Rte. 111, LLC*, 83 AD3d 753 [2011]; *Sotomayor v Pafos Realty, LLC*, 43 AD3d 905 [2007]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]). Since the appellants failed to meet their initial burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33481(U).]**