In an action to recover damages for personal injuries, the defendant Twins Ambulette Service, Inc., appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated July 28, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff, a home care attendant, alleged that on March 13, 2009, as she accompanied a patient in her care on a rear ramp of an ambulette owned by the defendant Twins Ambulette Service, Inc. (hereinafter the appellant), she fell and sustained personal injuries.
“In a trip and fall case, a plaintiffs inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation” (Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009] [internal quotation marks and citations omitted]; see Bernardo v 444 Rte. 111, LLC, 83 AD3d 753 [2011]; Howe v Flatbush Presbyt. Church, 48 AD3d 419, 420 [2008]; Jackson v Fenton, 38 AD3d 495 [2007]). All of the evidence must be viewed in the light most favorable to the plaintiff, as the opponent of the motion for summary judgment, and all reasonable inferences must be resolved in her favor (see Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920, 921 [2005]; Mitchell v Fiorini Landscape, 253 AD2d 860, 861 [1998]).
The appellant, in support of its motion for summary judgment dismissing the complaint, submitted, among other things, the transcript of the plaintiffs deposition testimony. Contrary to the appellant’s contention, the plaintiffs testimony did not establish that she did not know what caused her to fall. A fair reading of her deposition testimony was that she lost her balance, tripped, and fell as a result of the appellant’s driver touch *904 ing her right arm or elbow while she was on the ramp with her patient. Indeed, her deposition testimony raised a triable issue of fact as to whether and, if so, to what extent her fall was caused by the actions of the appellant’s driver (see Bernardo v 444 Rte. 111, LLC, 83 AD3d at 754). The deposition testimony of the driver of the ambulette, who testified that he never touched the plaintiff while she was on the rear ramp, only raised an issue of credibility that cannot be determined on a motion for summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
Therefore, since the appellant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the appellant’s motion for summary judgment, and it is not necessary to review the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.