In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 22, 2009, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly slipped and fell when he stepped on a piece of “green stuff’ in the produce aisle of the defendant’s supermarket. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, in effect, determining that the defendant made a prima facie showing of its entitlement to judgment as a matter of law and that the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff appeals and we reverse.
“A defendant who moves for summary judgment in a slip- and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Halpern v *908 Costco Warehouse/Costco Wholesale, 95 AD3d 828, 828 [2d Dept 2012]; see Kokin v Key Food Supermarket, Inc., 90 AD3d 850 [2011]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655 [2009]). Here, the defendant failed to meet its burden.
The defendant failed to submit sufficient evidence to make a prima facie showing that its employees did not create the allegedly dangerous condition that caused the plaintiff to slip (see Molloy v Waldbaum, Inc., 72 AD3d 659, 659-660 [2010]). Additionally, the defendant failed to submit sufficient evidence to make a prima facie showing that it lacked constructive notice of that condition. “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs., 86 AD3d 551, 552 [2011]). Here, the deposition testimony of the defendant’s manager, which merely referred to the general inspection practices of the supermarket and provided no evidence as to when the produce aisle was last inspected before the plaintiffs fall, was insufficient to satisfy the defendant’s initial burden on the issue of lack of constructive notice (see Levine v Amverserve Assn., Inc., 92 AD3d 728, 729 [2012]; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 599; Porco v Marshalls Dept. Stores, 30 AD3d 284, 284-285 [2006]; Feldmus v Ryan Food Corp., 29 AD3d 940 [2006]).
In light of the defendant’s failure to satisfy its prima facie burden on the motion, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.