■ GLENNY MERCEDES, Appellant, v CITY OF NEW YORK et al., Respondents. [968 NYS2d 519]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 24, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Department of Education and Board of Education.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Department of Education and Board of Education is denied.

On November 13, 2007, at approximately 9:30 a.m., the plaintiff, then a 12th grade student at Grover Cleveland High School (hereinafter the High School) in Queens, allegedly slipped and fell on juice and papers situated at the top of a staircase, causing her to fall down the staircase from the first floor to the basement within the High School. The plaintiff commenced this action against the defendants City of New York (hereinafter the City), New York City Department of Education, and Board of Education (hereinafter together the BOE defendants) to recover damages for her personal injuries.

The defendants moved for summary judgment dismissing the complaint in its entirety. With respect to that branch of the

defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE defendants, the defendants argued that the BOE defendants did not create or have actual or constructive notice of the alleged hazardous condition. In the order appealed from, the Supreme Court granted the defendants' motion in its entirety. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE defendants.

"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880, 880 [2012]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Willis v Galileo Cortlandt, LLC*, 106 AD3d 730 [2013]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *Halpern v Costco Warehouse/Costco Wholesale*, 95 AD3d 828, 828 [2012]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837; *see Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]). Merely submitting testimony of general inspection or cleaning practices, and providing no evidence "regarding any particularized or specific inspection or stair-cleaning procedure in the area of the plaintiff's fall on the date of the accident" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599), is "insufficient to satisfy the defendant's initial burden on the issue of lack of constructive notice" (*Klerman v Fine Fare Supermarket*, 96 AD3d 907, 908 [2012]; *see Santos v 786 Flatbush Food Corp.*, 89 AD3d 828, 830 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 727 [2010]). Only after a defendant has satisfied this threshold burden, will the sufficiency of the plaintiff's opposition be examined (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]).

Here, the Supreme Court improperly determined that the

defendants met their initial burden with respect to that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE defendants. The deposition testimony of the High School's former custodian engineer, which merely explained his general inspection practices upon opening the High School each morning, and the High School's written work schedules of certain janitorial staff employees, failed to establish when the subject staircase was last inspected or cleaned before the plaintiff's fall. Thus, that evidence was insufficient to satisfy the defendants' initial burden of demonstrating a lack of constructive notice (*see Klerman v Fine Fare Supermarket*, 96 AD3d at 908; *Santos v 786 Flatbush Food Corp.*, 89 AD3d at 830; *Schiano v Mijul, Inc.*, 79 AD3d at 727; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599).

Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the BOE defendants. In light of our determination, we need not address the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d at 410). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.