— Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 3, 2012, which, to the extent appealed from as limited by the briefs, denied defendant Village Care of New York, Inc.’s (VCNY) motion for summary judgment dismissing the complaint and cross claims as against it, unanimously affirmed, without costs.
Triable issues exist as to whether VCNY, the corporate parent to the landowner (a nonparty to the action), assumed a measure of control over the cleaning of the premises, and therefore a duty to maintain the same, by, inter alia, providing staffing for the housecleaning (see generally Aversano v City of New York, 265 AD2d 437 [2d Dept 1999]; cf. Gibbs v Port Auth. of N.Y., 17 AD3d 252 [1st Dept 2005]). Triable issues were also raised whether alleged inadequate weekend staffing of the maintenance crew constituted a proximate cause of plaintiffs slip and fall on a slippery substance. VCNY, as movant for summary judgment, did not establish prima facie entitlement to summary judgment dismissing the complaint, as it failed to set forth evidence indicating actual cleaning and/or inspections at the subject premises, as per contract requirements, in the days leading up to plaintiff’s slip and fall (see e.g. Nugent v 1235 Concourse Tenants Corp., 83 AD3d 532 [1st Dept 2011]; Klerman v Fine Fare Supermarket, 96 AD3d 907 [2d Dept 2012]; Maldonado v City of New York, 93 AD3d 407 [1st Dept 2012]).
We have considered VCNY’s remaining arguments and find them unavailing. Concur — Tom, J.E, Sweeny, Saxe, Freedman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 3027KU).]