In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting *710 evidence that the plaintiff cannot identify the cause of his or her fall (see Antelope v Saint Aidan’s Church, Inc., 110 AD3d 1020 [2013]; Izaguirre v New York City Tr. Auth., 106 AD3d 878 [2013]). Here, the store defendants failed to make a prima facie showing that the plaintiff cannot identify the cause of her fall because the plaintiff clearly testified at her deposition that she fell on what she described as “muddy” water (see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903 [2012]; Lawrence v Norberto, 94 AD3d 822, 823 [2012]; Bernardo v 444 Rte. 111, LLC, 83 AD3d 753, 754 [2011]).
The store defendants also failed to make a prima facie showing that they were entitled to judgment as a matter of law on the ground that they did not create or have constructive notice of any hazardous condition. A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880 [2012]; Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012]; Amendola v City of New York, 89 AD3d 775, 775 [2011]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d at 837-838; see also Knack v Red Lobster 286, N & D Rests., Inc., 98 AD3d 473 [2012]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d at 880; Klerman v Fine Fare Supermarket, 96 AD3d 907 [2012]). The store defendants failed to meet their burden on the issue of lack of constructive notice because they merely relied on the plaintiff’s deposition testimony, and presented no evidence from any of their employees to establish when the area in question was last cleaned or inspected prior to the plaintiff’s fall (see Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d at 880; Klerman v Fine Fare Supermarket, 96 AD3d at 907).
Since the store defendants failed to meet their prima facie burden on their motion, their motion should have been denied without consideration of the sufficiency of the plaintiffs opposi *711 tion papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d at 880; Pechman v Vista at Kingsgate Section II, 97 AD3d 732, 734 [2012]; Klerman v Fine Fare Supermarket, 96 AD3d at 907). Balkin, J.P., Lott, Austin and Miller, JJ., concur.