Nieves v Pennsylvania, LLC (2018 NY Slip Op 07134)





Nieves v Pennsylvania, LLC


2018 NY Slip Op 07134


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-02141
 (Index No. 19412/12)

[*1]Amanda Nieves, respondent,
v
Pennsylvania, LLC, appellant (and a third party action).


McAndrew Conboy & Prisco, LLP, Melville, NY (Michael J. Prisco of counsel), for appellant.
Bader & Yakaitis LLP, New York, NY (Michael Caliguiri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 13, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on water and saturated cardboard on the floor of a basement in a building owned by the defendant. The plaintiff was in a bodega whose owners leased a portion of the building. The plaintiff asked to use the bathroom and was directed down some stairs at the back of the bodega to a bathroom in the basement. After she fell, the plaintiff saw that there was water leaking from the area of the bathroom doorway. The plaintiff commenced this personal injury action against the defendant landlord. The defendant moved for summary judgment dismissing the complaint, arguing that it was an out-of-possession landlord which could not be held liable for the plaintiff's injuries. The Supreme Court denied the defendant's motion, and the defendant appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Gronski v County of Monroe, 18 NY3d 374, 380-381; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864). Here, the plaintiff alleged the violation of a duty imposed by Administrative Code of the City of New York § 28-301.1, which provides that the owner of a building "shall be responsible at all times to maintain the building and its facilities and all other structures regulated by this code in a safe and code-compliant manner" (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d at 566; cf. Santos v 786 Flatbush Food Corp., 89 AD3d 828, 829). The defendant failed to meet its prima facie burden of demonstrating that it completely relinquished possession and control of the basement area of the building, such that it cannot be held liable under that Administrative Code provision for injuries caused by a defective condition therein (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d at 566; Worth [*2]Distribs. v Latham, 59 NY2d 231, 238). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court